IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KENTREZ MONTRE' BROWN                                                                PETITIONER

V.                                                           CIVIL ACTION NO. 5:24-cv-109-DCB-LGI

PIKE COUNTY, ET AL.                                                                 RESPONDENTS

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Pro se Petitioner Kentrez Montre' Brown brings this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The Court, having liberally construed the pleadings in consideration with the applicable law, finds that this case should be dismissed.

I. BACKGROUND

Brown is incarcerated by the Mississippi Department of Corrections at the Wilkinson County Correctional Facility in Woodville, Mississippi. Brown filed a civil-rights Complaint under 42 U.S.C. § 1983, where he sought, in part, "release." Order [1] at 1. The Court construed this as a request for release from incarceration which can be obtained only via habeas corpus. This civil action was opened for Brown's habeas claims and the Court directed Brown to file a petition that complies with the *Rules Governing Section 2254 Cases in the United States District Courts*.

On October 31, 2024, Brown filed his Petition [5] seeking a Writ of Habeas Corpus under 28 U.S.C. § 2254. Brown pleaded guilty to four counts of assault on a law enforcement officer in the Circuit Court for Pike County, Mississippi. *See* Resp. [11] at 2; Pet. [5] at 1. Brown states that he is serving a ten-year term of imprisonment for these convictions. Liberally construing Brown's filings, he is asserting that his guilty pleas were unconstitutional and that he

received ineffective assistance of counsel.  Resp. [11] at 2.  As relief, Brown seeks his release from incarceration.  Pet. [5] at 15.

Along with habeas relief, Brown also seeks monetary damages.  *See* Resp. [13] at 1.  As stated above, Brown is pursuing a civil-rights complaint under 42 U.S.C. § 1983 seeking monetary damages for his imprisonment.  *See Brown v. Pike County,* no. 5:24-cv-96-DCB-BWR (S.D. Miss) (hearing set for May 30, 2025).  Since monetary damages are not proper in a habeas corpus petition and because Brown is simultaneously pursuing this relief in a § 1983 civil action, the Court will not consider Brown's request for monetary damages or sever Brown's request for monetary damages into a new action.  Thus, the Court is only considering Brown's claims for post-conviction habeas corpus relief here.

II. DISCUSSION

Under 28 U.S.C. § 2254, a habeas petitioner "must exhaust all claims in state court prior to requesting federal collateral relief."  *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008).  This court "may not adjudicate [Brown's] habeas petition unless all claims in the petition are exhausted."  *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011).  To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court."  *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim."  *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

Brown has an available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act.  Miss. Code Ann. § 99-39-1, *et seq*.  This statute provides an avenue for an inmate to seek relief when his conviction or sentence was "imposed in violation of the

Constitution of the United States or the Constitution or laws of Mississippi" or "his plea was made involuntarily" or he is "otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(1)(a), (g) and (h).

In order to clarify if Brown exhausted his available state remedies, the Court entered two Orders [7],[12] directing Brown to file a written response to state whether he has filed any petitions, applications, or motions with respect to the grounds presented in this petition in any state court. The Orders also directed Brown to specifically state if he has "filed a motion for relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 to -29," and if so, provide certain information about this motion. Order [12] at 2; Order [7] at 2.

In his response, Brown states that he has not filed any petitions or applications or motions in any state court, including a motion under the Mississippi Uniform Post Conviction Collateral Relief Act, challenging his convictions and current imprisonment. Resp. [13] at 1. Brown admits that he has filed no action with the state courts challenging his four convictions for assault on a law enforcement officer and current imprisonment. Brown did not provide the state courts with "a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim," *see Johnson*, 712 F.3d at 231, nor did he fairly present the substance of his federal claim "to the highest state court," *see Soffar*, 368 F.3d at 465. Based on the foregoing, Brown has not completed the exhaustion of his state remedies as required by 28 U.S.C. § 2254 (b)(1)(A).

This Court is authorized to sua sponte dismiss a habeas petition that reveals on its face that the exhaustion requirement has not been met. *Resendez v. McKaskle*, 722 F.2d 227, 230

(5th Cir. 1984) (recognizing district court has authority to sua sponte dismiss a § 2254 petition). Since Brown fails to demonstrate the exhaustion of his state remedies before filing this federal habeas petition, this case will be dismissed, without prejudice. *See, e.g.*, *Bradshaw v. Hood*, No. 1:14-CV-445-HSO-RHW, 2015 WL 372717, at *1 (S.D. Miss. Jan. 28, 2015) (dismissing, sua sponte, § 2254 habeas petition for failure to exhaust state court remedies); *Davis v. Tripplet*, No. 4:10-CV-207-DPJ-FKB, 2011 WL 1085108, at *2 (S.D. Miss. Mar. 23, 2011) (same).

III. CONCLUSION

The Court has considered the pleadings and applicable law. For the reasons stated, this Petition for a Writ of Habeas Corpus will be dismissed without prejudice for failure to exhaust state remedies.

IT IS THEREFORE ORDERED AND ADJUDGED that pro se Petitioner Kentrez Montre' Brown's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE. A final judgment will enter in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED, this the   2nd   day of     April   , 2025.

                         s/David Bramlette
                         UNITED STATES DISTRICT JUDGE